**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS CAMPOS-PEREZ, | No. 14-73908 |
| Petitioner, | Agency No. A087-543-425 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2018[**]
San Francisco, California

Before: WALLACE and GRABER, Circuit Judges, and LASNIK,[***] District Judge.

Petitioner Juan Carlos Campos-Perez is a native and citizen of Mexico. He

timely petitions for review of the Board of Immigration Appeals' ("BIA") order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, cancellation of removal, withholding of removal, and relief under the Convention Against Torture ("CAT").

1. We lack jurisdiction over Petitioner's asylum claim. He failed to challenge before the BIA the IJ's denial of his application as untimely, a holding that independently disposed of the asylum claim. Administrative exhaustion is a jurisdictional prerequisite to our review. 8 U.S.C. § 1252(d)(1); Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir. 2004).

2. The BIA denied Petitioner's application for cancellation of removal on the ground that he had been convicted of a crime involving moral turpitude. Petitioner's argument that the phrase "crime involving moral turpitude" is unconstitutionally vague is foreclosed by precedent. Martinez-de Ryan v. Sessions, 895 F.3d 1191 (9th Cir. 2018).

3. Petitioner also argues that Leal v. Holder, 771 F.3d 1140 (9th Cir. 2014), which held that felony endangerment under Arizona Revised Statutes section 13-1201 is categorically a crime involving moral turpitude, was wrongly decided. But, as a three-judge panel, we are bound by Leal. See Miller v. Gammie, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc) (holding that a precedent may be overturned only en banc, with exceptions that do not apply here).

4. Petitioner next asserts that he is entitled to withholding of removal because he will be persecuted, if returned to Mexico, on account of his membership in a particular social group. The BIA permissibly held that Petitioner failed to meet his burden of proof, 8 C.F.R. § 1208.16(b)(2), especially in view of his testimony that he has not been threatened in the past.

5. Finally, Petitioner claims that he is entitled to CAT relief. The BIA upheld the IJ's findings that it is not more likely than not that Petitioner would be tortured, with the acquiescence of the government, were he returned to Mexico. We review the agency's findings of fact for substantial evidence and may not set aside those findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The record does not meet that standard. Petitioner's contentions regarding his fears of returning to Mexico are not sufficiently particularized. See Delgado-Ortiz v. Holder, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to . . . establish prime facie eligibility for protection under the CAT.").

**Petition DISMISSED in part and DENIED in part.**